William P. Deni, Jr.
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545

*Attorneys for Plaintiff*
*SPG Dry Cooling USA LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPG DRY COOLING USA LLC,<br><br>                    Plaintiff,<br><br>      v.<br><br>EVAPCO DRY COOLING, INC.,<br><br>                    Defendant. | Civil Action No. 20-20131 (FLW) (LHG)<br><br>*Document Electronically Filed* |

## <u>FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL</u>

Plaintiff SPG Dry Cooling USA LLC ("SPGDC" or "Plaintiff") brings this action for

patent infringement against Evapco Dry Cooling, Inc. ("Evapco" or "Defendant"), and alleges as

follows:

## <u>NATURE OF THE ACTION</u>

1.      This is a civil action for patent infringement arising under the patent laws of the

United States, 35 U.S.C. § 1 *et seq.*

2.      SPGDC seeks injunctive relief and monetary damages for Evapco's infringement

of SPGDC's United States Patent Nos. 10,551,126, 10,527,354, and 9,551,532 (collectively, "the

Asserted Patents").

## PARTIES

3.      SPGDC is a limited liability company organized and existing under the laws of the State of Delaware and maintains a principal place of business at 1200 US Highway 22, Suite 1, Bridgewater, New Jersey 08807.

4.      SPGDC is a world leader in research, development, design, and manufacture of air-cooled condensers for a variety of industrial applications worldwide.  SPGDC's air-cooled condensers are used in, for example, industrial electric power plants to condense steam turbine exhaust flowing inside air-cooled tube bundles and to return condensate to the boiler.

5.      Evapco is a corporation organized and existing under the laws of the State of Maryland with a principal place of business at 685 Route 202/206, Suite 300, Bridgewater, New Jersey 08807.

6.      On information and belief, Evapco designs, tests, markets, manufactures, and sells air-cooled condensers throughout the United States, including in this judicial district.

## JURISDICTION AND VENUE

7.      This Court has federal subject matter jurisdiction over this civil action for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it arises under the patent laws of the United States.

8.      Personal jurisdiction exists over Evapco because, on information and belief, Evapco maintains a principal place of business in this judicial district, is registered with the State of New Jersey to conduct business in this judicial district, and purposefully has conducted and continues to conduct business in this judicial district.

9.      Further, personal jurisdiction exists over Evapco because Evapco has minimum contacts with this forum as a result of business regularly conducted within this judicial district, and, on information and belief, as a result of committing the tort of patent infringement in this

judicial district.  Evapco is also subject to this Court's personal jurisdiction by virtue of at least:
(i) having derived substantial revenue from activities in this judicial district, including benefits
related to the patent infringement causes of action set forth herein, and/or (ii) having placed
infringing products or services into the stream of interstate commerce with the expectation that
such infringing products and/or services would be used, distributed, sold and/or offered for sale
within this judicial district.

10.     Personal jurisdiction also exists over Evapco because, on information and belief,
Evapco operates the Internet website at https://www.evapcodc.com, which promotes infringing
air-cooled condensers and is available to and accessed by potential customers within this judicial
district.

11.     The homepage of Evapco's website, at https://www.evapcodc.com, allows for
selection of Evapco's "CONTACT" information.  The only contact address provided by Evapco
is Evapco's business address at 685 Route 202/206, Suite 300, Bridgewater, New Jersey 08807.
Below is an image of the contact information provided by Evapco's website at
https://www.evapcodc.com/evapco-dry-cooling-sales-contacts.



12.     On information and belief, Evapco's offices in Bridgewater, New Jersey serve as
the principal place of business for Evapco employees involved in construction of Evapco's

Advanced Technology Air Cooled Condensers ("AT-ACCs"), engineering of Evapco's AT-ACCs, design of Evapco's AT-ACCs, and/or sales of Evapco's AT-ACCs.

13.     On information and belief, Evapco does not have a principal place of business outside of this judicial district.

14.     Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b). Further, venue is proper against Evapco because, on information and belief, Evapco maintains a regular and established place of business in this judicial district and has committed and continues to commit acts of infringement in this judicial district within the meaning of 28 U.S.C. § 1400(b).

## THE PATENTED TECHNOLOGY

15.     Electric power plants use air-cooled condensers to condense steam exhausted from a steam turbine.

16.     Early air-cooled condensers induced or forced airflow over a heat exchange medium containing a gas, such as steam.  As shown in the image below, and on information and belief, an example of a single air-cooled condenser unit from Evapco available in 2012 had a single pair of tube bundles (a 1st tube bundle and a 2nd tube bundle) arranged in a single A-frame over a single fan.



17.     These early air-cooled condensers required certain dimensions and configuration for the heat exchange medium to adequately condense the steam, presenting technical, design, and logistical challenges.  Another drawback of these earlier air-cooled condensers was that their assembly at customer sites was typically labor intensive due to their dimensions, configuration, and other factors.

18.     Recognizing the problems of early air-cooled condensers, SPGDC made substantial investments in research, development, and engineering of air-cooled condensers. After many years of investments, SPGDC developed innovative air-cooled condensers and assembly methods that overcame problems of earlier air-cooled condensers.  SPGDC's innovative designs employ multiple pairs of heat exchange panels or tube bundles.  Each pair has a "delta" arrangement (e.g., a triangle, A-frame, or Y-shaped arrangement).  In SPGDC's innovative designs, a single fan generates airflow over multiple delta arrangements, instead of over a single delta arrangement, allowing for more efficient heat transfer and reduced installation cost.

19.     Each of the heat exchange deltas in SPGDC's design is formed by positioning two bundle assemblies or tube bundles at an angle to one another.  In SPGDC's modular design, the

bundle assemblies or tube bundles are dimensioned and configured differently than earlier designs, allowing for a more efficient heat transfer.  For example, the velocity of the steam traveling through the tubes of the multiple bundle assemblies is reduced and the steam pressure drop within the tubes is also reduced.  SPGDC's innovative air-cooled condenser design is thus more efficient.

20.     Another advantage of SPGDC's innovative design is that the bundle assemblies can be more advantageously preassembled prior to shipping to the assembly site and then transported to the assembly site, substantially reducing the assembly and/or installation cost at the customer site.

21.     Recognizing the innovation in its new air-cooled condenser designs, SPGDC filed a series of patent applications with the United States Patent and Trademark Office (USPTO), from which the Asserted Patents issued.  SPGDC's patent applications covering its new condenser designs have a filing date as early as May 23, 2012.

22.     The Asserted Patents are directed to a novel air-cooled condenser that provides high heat exchange properties and more efficient assembly.

## THE PATENTS-IN-SUIT

23.     On February 4, 2020, U.S. Patent 10,551,126 ("the '126 patent"), titled "Modular Air Cooled Condenser Apparatus and Method," was duly and legally issued by the United States Patent and Trademark Office to inventors Michel Vouche, Christophe Deleplanque, and Fabien Fauconnier.  The '126 patent is based on U.S. Patent Application No. 16/196,840, filed on November 20, 2018, and claims priority to an earlier filing date of May 23, 2012.  A copy of the '126 patent is attached hereto as Exhibit A.  On May 4, 2021, the United States Patent and Trademark Office duly and legally issued a Certificate of Correction of the '126 patent

(hereinafter " the corrected '126 patent").  A copy of the Certificate of Correction of the corrected '126 patent is attached hereto as Exhibit L.

24.     On January 7, 2020, U.S. Patent 10,527,354 ("the '354 patent"), titled "Modular Air Cooled Condenser Apparatus and Method," was duly and legally issued by the United States Patent and Trademark Office to inventors Michel Vouche, Christophe Deleplanque, and Fabien Fauconnier.  The '354 patent is based on U.S. Patent Application No. 16/515,363, filed on July 18, 2019, and claims priority to an earlier filing date of May 23, 2012.  A copy of the '354 patent is attached hereto as Exhibit B.  On February 16, 2021, United States Patent and Trademark Office duly and legally issued a Certificate of Correction of the '354 patent (hereinafter "the corrected '354 patent").  A copy of the Certificate of Correction of the corrected '354 patent is attached hereto as Exhibit M.

25.     On January 24, 2017, U.S. Patent 9,551,532 ("the '532 patent"), titled "Modular Air Cooled Condenser Apparatus and Method," was duly and legally issued by the United States Patent and Trademark Office to inventors Michel Vouche, Christophe Deleplanque, and Fabien Fauconnier.  The '532 patent is based on U.S. Patent Application No. 13/478,827, filed on May 23, 2012.  A copy of the '532 patent is attached hereto as Exhibit C.  On February 16, 2021, the United States Patent and Trademark Office duly and legally issued a Certificate of Correction of the '532 patent (hereinafter "the corrected '532 patent").  A copy of the Certificate of Correction of the corrected '532 patent is attached hereto as Exhibit N.

26.     SPGDC owns the entire right, title, and interest to the Asserted Patents and the corrected '126 patent, the corrected '354 patent, and the corrected '532 patent (hereinafter collectively "the Asserted Corrected Patents").

## EVAPCO'S AIR-COOLED CONDENSERS

27.     On information and belief, after SPGDC developed its innovative air-cooled condenser, Evapco started to market air-cooled condensers under the label, "Advanced Technology Air Cooled Condenser" ("AT-ACC").  On information and belief, Evapco's AT-ACC, much like SPGDC's patented air-cooled condenser technology, employs a modular design that includes multiple heat exchange deltas arranged consecutive to one another and over which a single fan generates airflow to condense steam.

28.     Despite SPGDC's advancements in air-cooled technology for which SPGDC has been granted multiple U.S. Patents, including the Asserted Patents and the Asserted Corrected Patents, Evapco claims in a video on its website at https://www.evapcodc.com/advanced-technologytm-air-cooled-condensers that Evapco's AT-ACC is "new" and that "there has been very little advancement in air-cooled condenser technology for over thirty years" until Evapco introduced its AT-ACC.  However, on information and belief, Evapco's AT-ACC was not offered for sale, sold, distributed, and/or assembled before May 23, 2012.

29.     The video on Evapco's website at https://www.evapcodc.com/advanced-technologytm-air-cooled-condensers highlights certain features of Evapco's AT-ACC that are the same as SPGDC's patented air-cooled condenser technology.  For example, the video shows that the "heat exchanger section" of Evapco's AT-ACC is formed by positioning multiple tube bundle assemblies at an angle to one another, forming multiple deltas for condensing steam. Below are images captured from the video at frames 1:32 and 1:33, respectively, showing assembly of the "heat exchanger section" of Evapco's Advanced Technology ACC by forming multiple heat exchange deltas.





30.     Evapco's AT-ACC includes pairs of heat exchanger bundles.  On information and belief, each such pair is constructed by placing two bundle assemblies in a delta configuration.

31.     The video on Evapco's website at https://www.evapcodc.com/advanced-technologytm-air-cooled-condensers then shows that a "fan plenum section" is assembled to generate airflow over multiple deltas of the "heat exchanger section" so that steam is condensed by the "heat exchanger section."  Below are images from the video at frames 1:52, 2:07, 2:13,

2:15, and 2:20, showing the assembly of the "fan plenum section" over the multiple deltas of the

"heat exchanger section."





## Advanced Technology™ Air Cooled Condensers

**State of the art technology for vacuum steam condensing in the power generation industry.**



## Advanced Technology™ Air Cooled Condensers

**State of the art technology for vacuum steam condensing in the power generation industry.**



11



32.     According to an "Evapco Dry Cooling Brochure" on Evapco's website at

https://www.evapcodc.com/sites/evapcodc.com/files/2020-

05/Evapco%20Dry%20Cooling%202020_final.pdf, Evapco markets the heat exchanger section

of the infringing AT-ACC under the name "nuCore Heat Exchanger" and touts the alleged

"Superior Thermal Performance" and "Significant Installation Cost Savings" of the heat

exchanger section.  Evapco also highlights that the "Modular Construction" of AT-ACC

provides the following cost savings: "Factory pre-assembly reduces the number of parts to

erect," "Improved labor efficiency," and "Reduced overall site erection time."

33.     On Evapco's website at https://www.evapcodc.com/advanced-technologytm-air-

cooled-condensers, Evapco states that the "Advanced Technology ACC is centered around a

modular construction concept, allowing for more work performed at grade, greatly reduced field

welding and overall less man hours for installation."

34.     According to the video available on Evapco's website at

https://www.evapcodc.com/advanced-technologytm-air-cooled-condensers, Evapco uses a

12

facility in the United States to test Evapco's AT-ACC "in the actual operating conditions and configurations seen on an operating power plant." Below are images from the video at frames 5:29 and 4:56, respectively, showing the test facility used by Evapco and an AT-ACC provided at that facility for testing.





35.    On information and belief, Evapco designs and determines the configuration of AT-ACCs for its customers.

36.     On information and belief, Evapco has sold and continues to sell infringing AT-ACCs for assembly at customer sites throughout the United States, including in Louisiana and Illinois.

37.     On information and belief, Evapco has derived substantial revenues from sale of Evapco's AT-ACC.

38.     On information and belief, Evapco and its parent company, Evapco, Inc., collaborate in marketing Evapco's air-cooled condensers.  For example, in the video available on Evapco's website at https://www.evapcodc.com/advanced-technologytm-air-cooled-condensers, the President of Evapco (Toby Athron) and the President and Chief Executive Officer of Evapco, Inc. (Bill Bartley) both promote Evapco's AT-ACC.

## COMMUNICATION BETWEEN SPGDC AND EVAPCO

39.     When SPGDC learned about the features of Evapco's AT-ACC, SPGDC wrote to Evapco's parent company Evapco, Inc.'s Senior Vice President and General Counsel in a letter dated January 28, 2019, informing Evapco, Inc. about SPGDC's pending patent applications and patents, including the '532 patent.  Exhibit D.

40.     In a letter dated February 15, 2019, Evapco, Inc. responded, stating that Evapco's AT-ACC "does not include assembly of condenser bundles into heat exchange deltas," and that "neither Evapco, nor its assemblers and customers, infringe" the '532 patent.  Exhibit E. Evapco, Inc.'s February 15 letter also stated that Evapco, Inc. was aware of SPGDC's then pending U.S. Patent Application No. 16/196,840, which later issued as the '126 patent, and that Evapco, Inc. was going to "monitor" the prosecution of the 16/196,840 application.

41.     In a letter dated April 16, 2019, SPGDC wrote to Evapco, Inc., stating that SPGDC disagrees with the characterization of the condenser bundles in Evapco, Inc.'s

February 15 letter and that videos and photos on Evapco's website show condenser bundles in Evapco's AT-ACC do form heat exchange deltas.  Exhibit F.

42.      Following a May 23, 2019 telephone conference between outside counsel for SPGDC and Evapco, Inc., on July 15, 2019, SPGDC wrote to Evapco, Inc., stating that SPGDC continues to disagree with Evapco, Inc.'s characterization of SPGDC's claims and informs Evapco, Inc. about U.S. Published Application 2019/0086151, which corresponds to the 16/196,840 application that later issued as the '126 patent.  Exhibit G.

43.      On August 15, 2019, Evapco, Inc. wrote to SPGDC, stating that the parties have "different viewpoints concerning the interpretation/application" of SPGDC's patents.  Exhibit H. In the August 15 letter, Evapco, Inc. also confirmed that Evapco, Inc. was monitoring the progress of SPGDC's US Published Application 2019/0086151, which later issued as the '126 patent.

44.      On information and belief, Evapco was aware of SPGDC's correspondence with Evapco, Inc., in part, because Evapco, Inc. is a parent company of Evapco, because SPGDC's correspondence concerned Evapco's AT-ACC and because Evapco, Inc. and Evapco together market Evapco's AT-ACC.

## INFRINGEMENT OF THE ASSERTED PATENTS AND THE ASSERTED CORRECTED PATENTS

45.      SPGDC repeats and realleges the above paragraphs, which are incorporated by reference as if fully stated herein.

46.      On information and belief, Evapco has infringed, induced others to infringe, and/or contributed to the infringement of the Asserted Patents and the Asserted Corrected Patents by making, using, offering to sell, selling, and/or importing into the United States infringing air-cooled condensers, including at least the AT-ACC (hereinafter "Accused Products").

47. At least upon notice of the infringement allegations herein regarding the Asserted Patents, Evapco has known about the Asserted Patents and has directly and/or indirectly infringed one or more claims of each of the '126 patent, the '354 patent, and the '532 patent, including by contributing to and/or inducing infringement.

48. At least upon notice of the infringement allegations herein regarding the Asserted Corrected Patents, Evapco has known about the Asserted Corrected Patents and has directly and/or indirectly infringed and continues to infringe one or more claims of each of the corrected '126 patent, the corrected '354 patent, and the corrected '532 patent, including by contributing to and/or inducing infringement.

49. Also, Evapco had knowledge of its infringement of the '532 patent at least as early as on or about January 28, 2019 when SPGDC wrote to Evapco's parent company, Evapco, Inc.

50. On information and belief, Evapco had knowledge of the '126 patent on or about February 4, 2020 when the '126 patent issued in view of Evapco's monitoring of the prosecution of the application that issued as the '126 patent.

51. On information and belief, Evapco had knowledge of the '354 patent on or about January 7, 2020 when the '354 patent issued in view of Evapco's monitoring of the prosecution of the parent application (U.S. Patent Application No. 16/196,840) that issued as the '126 patent.

52. On information and belief, Evapco had knowledge of the '126 and '354 patents prior to the filing of this Complaint.

53. On information and belief, Evapco has had knowledge of each of the corrected '126 patent, the corrected '354 patent, and the corrected '532 patent at least as early as the filing of this Amended Complaint.

## COUNT I: INFRINGEMENT OF THE '126 PATENT

54.     SPGDC repeats and realleges the above paragraphs, which are incorporated by reference as if fully stated herein.

55.     SPGDC is the assignee and lawful owner of the entire right, title, and interest in the '126 patent.

56.     SPGDC has never licensed the Accused Products under the '126 patent, nor has SPGDC authorized Evapco to make, use, sell, offer to sell, and/or import into or within United States the Accused Products under any claim of the '126 patent.

57.     On information and belief, Evapco, without authority, has infringed one or more claims of the '126 patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into or within United States the Accused Products.

58.     On information and belief, Evapco has directly infringed the '126 patent in violation of 35 U.S.C. § 271(a).

59.     A claim chart alleging facts demonstrating infringement of claim 20 of the '126 patent using Evapco's AT-ACC as an illustrative example is attached as Exhibit I to this Complaint and is incorporated herein by reference.

60.     On information and belief, Evapco's actions have constituted active inducement and contributory infringement of one or more claims of the '126 patent in violation of 35 U.S.C. §§ 271(b) and 271(c).

61.     Evapco has induced infringement by knowingly and intentionally encouraging and/or aiding its customers to directly infringe the '126 patent.  By selling and/or installing at customer sites the Accused Products, Evapco has induced its customers to infringe the '126 patent.

62. Evapco's infringement of the '126 patent has caused damage and irreparable injury to SPGDC.

63. SPGDC is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

64. Evapco's infringement of the '126 patent has been willful and deliberate, justifying a trebling of damages under § 284. On information and belief, Evapco's infringing acts continued until the date of correction of the '126 patent on May 4, 2021, despite an objectively high likelihood that those acts constituted infringement of the '126 patent.

65. Evapco's infringement of the '126 patent is exceptional and entitles SPGDC to attorneys' fees and costs under § 285.

## COUNT II: INFRINGEMENT OF THE '354 PATENT

66. SPGDC repeats and realleges the above paragraphs, which are incorporated by reference as if fully stated herein.

67. SPGDC is the assignee and lawful owner of the entire right, title, and interest in the '354 patent.

68. SPGDC has never licensed the Accused Products under the '354 patent, nor has SPGDC authorized Evapco to make, use, sell, offer to sell, and/or import into or within United States the Accused Products under any claim of the '354 patent.

69. On information and belief, Evapco, without authority, has infringed one or more claims of the '354 patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into or within United States the Accused Products.

70. On information and belief, Evapco has directly infringed the '354 patent in violation of 35 U.S.C. § 271(a).

71.     A claim chart alleging facts demonstrating infringement of claim 6 of the '354 patent using Evapco's AT-ACC as an illustrative example is attached as Exhibit J to this Complaint and is incorporated herein by reference.

72.     On information and belief, Evapco's actions have constituted active inducement and contributory infringement of one or more claims of the '354 patent in violation of 35 U.S.C. §§ 271(b) and 271(c).

73.     Evapco has induced infringement by knowingly and intentionally encouraging and/or aiding its customers to directly infringe the '354 patent.  By selling and/or installing at customer sites the Accused Products, Evapco has induced its customers to infringe the '354 patent.

74.     Evapco's infringement of the '354 patent has caused damage and irreparable injury to SPGDC.

75.     SPGDC is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

76.     Evapco's infringement of the '354 patent has been willful and deliberate, justifying a trebling of damages under § 284.  On information and belief, Evapco's infringing acts continued until the date of correction of the '354 patent on February 16, 2021, despite an objectively high likelihood that those acts constituted infringement of the '354 patent.

77.     Evapco's infringement of the '354 patent is exceptional and entitles SPGDC to attorneys' fees and costs under § 285.

## COUNT III: INFRINGEMENT OF THE '532 PATENT

78.     SPGDC repeats and realleges the above paragraphs, which are incorporated by reference as if fully stated herein.

79.     SPGDC is the assignee and lawful owner of the entire right, title, and interest in the '532 patent.

80.     SPGDC has never licensed the Accused Products under the '532 patent, nor has SPGDC authorized Evapco to make, use, sell, offer to sell, and/or import into or within United States the Accused Products under any claim of the '532 patent.

81.     On information and belief, Evapco, without authority, has infringed one or more claims of the '532 patent, either literally or under the doctrine of equivalents, by using, selling, offering for sale, and/or importing into or within United States the Accused Products.

82.     On information and belief, Evapco has directly infringed the '532 patent in violation of 35 U.S.C. § 271(g).

83.     A claim chart alleging facts demonstrating infringement of claim 1 of the '532 patent using Evapco's AT-ACC as an illustrative example is attached as Exhibit K to this Complaint and is incorporated herein by reference.

84.     Evapco's infringement of the '532 patent has caused damage and irreparable injury to SPGDC.

85.     SPGDC is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

86.     Evapco's infringement of the '532 patent has been willful and deliberate, justifying a trebling of damages under § 284.  On information and belief, Evapco's infringing acts continued until the date of correction of the '532 patent on February 16, 2021, despite an objectively high likelihood that those acts constituted infringement of the '532 patent.

87.     Evapco's infringement of the '532 patent is exceptional and entitles SPGDC to attorneys' fees and costs under § 285.

## COUNT IV: INFRINGEMENT OF THE CORRECTED '126 PATENT

88.     SPGDC repeats and realleges the above paragraphs, which are incorporated by reference as if fully stated herein.

89.     SPGDC is the assignee and lawful owner of the entire right, title, and interest in the corrected '126 patent.

90.     SPGDC has never licensed the Accused Products under the corrected '126 patent, nor has SPGDC authorized Evapco to make, use, sell, offer to sell, and/or import into or within United States the Accused Products under any claim of the corrected '126 patent.

91.     On information and belief, Evapco, without authority, has infringed, and is still infringing, one or more claims of the corrected '126 patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into or within United States the Accused Products.

92.     On information and belief, Evapco directly infringes the corrected '126 patent in violation of 35 U.S.C. § 271(a).

93.     A claim chart alleging facts demonstrating infringement of claim 20 of the corrected '126 patent using Evapco's AT-ACC as an illustrative example is attached as Exhibit O to this Complaint and is incorporated herein by reference.

94.     On information and belief, Evapco's actions continue to constitute active inducement and contributory infringement of one or more claims of the corrected '126 patent in violation of 35 U.S.C. §§ 271(b) and 271(c).

95.     Evapco induces infringement by knowingly and intentionally encouraging and/or aiding its customers to directly infringe the corrected '126 patent.  By selling and/or installing at customer sites the Accused Products, Evapco induces its customers to infringe the corrected '126 patent.

96.     Evapco's infringement of the corrected '126 patent has caused, and is continuing to cause, damage and irreparable injury to SPGDC and will continue to cause damage and irreparable injury unless and until Evapco's infringing activities are enjoined by this Court.

97.     SPGDC is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

98.     Evapco's infringement of the corrected '126 patent has been and continues to be willful and deliberate, justifying a trebling of damages under § 284.  On information and belief, Evapco's infringing acts continue despite an objectively high likelihood that those acts constitute infringement of the corrected '126 patent.

99.     Evapco's infringement of the corrected '126 patent is exceptional and entitles SPGDC to attorneys' fees and costs under § 285.

### COUNT V: INFRINGEMENT OF THE CORRECTED '354 PATENT

100.     SPGDC repeats and realleges the above paragraphs, which are incorporated by reference as if fully stated herein.

101.     SPGDC is the assignee and lawful owner of the entire right, title, and interest in the corrected '354 patent.

102.     SPGDC has never licensed the Accused Products under the corrected '354 patent, nor has SPGDC authorized Evapco to make, use, sell, offer to sell, and/or import into or within United States the Accused Products under any claim of the corrected '354 patent.

103.     On information and belief, Evapco, without authority, has infringed, and is still infringing, one or more claims of the corrected '354 patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into or within United States the Accused Products.

104.    On information and belief, Evapco directly infringes the corrected '354 patent in violation of 35 U.S.C. § 271(a).

105.    A claim chart alleging facts demonstrating infringement of claim 6 of the corrected '354 patent using Evapco's AT-ACC as an illustrative example is attached as Exhibit P to this Complaint and is incorporated herein by reference.

106.    On information and belief, Evapco's actions continue to constitute active inducement and contributory infringement of one or more claims of the corrected '354 patent in violation of 35 U.S.C. §§ 271(b) and 271(c).

107.    Evapco induces infringement by knowingly and intentionally encouraging and/or aiding its customers to directly infringe the corrected '354 patent.  By selling and/or installing at customer sites the Accused Products, Evapco induces its customers to infringe the corrected '354 patent.

108.    Evapco's infringement of the corrected '354 patent has caused, and is continuing to cause, damage and irreparable injury to SPGDC and will continue to cause damage and irreparable injury unless and until Evapco's infringing activities are enjoined by this Court.

109.    SPGDC is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

110.    Evapco's infringement of the corrected '354 patent has been and continues to be willful and deliberate, justifying a trebling of damages under § 284.  On information and belief, Evapco's infringing acts continue despite an objectively high likelihood that those acts constitute infringement of the corrected '354 patent.

111.    Evapco's infringement of the corrected '354 patent is exceptional and entitles SPGDC to attorneys' fees and costs under § 285.

## COUNT VI: INFRINGEMENT OF THE CORRECTED '532 PATENT

112.    SPGDC repeats and realleges the above paragraphs, which are incorporated by reference as if fully stated herein.

113.    SPGDC is the assignee and lawful owner of the entire right, title, and interest in the corrected '532 patent.

114.    SPGDC has never licensed the Accused Products under the corrected '532 patent, nor has SPGDC authorized Evapco to make, use, sell, offer to sell, and/or import into or within United States the Accused Products under any claim of the corrected '532 patent.

115.    On information and belief, Evapco, without authority, has infringed, and is still infringing, one or more claims of the corrected '532 patent, either literally or under the doctrine of equivalents, by using, selling, offering for sale, and/or importing into or within United States the Accused Products.

116.    On information and belief, Evapco directly infringes the corrected '532 patent in violation of 35 U.S.C. § 271(g).

117.    A claim chart alleging facts demonstrating infringement of claim 1 of the corrected '532 patent using Evapco's AT-ACC as an illustrative example is attached as Exhibit Q to this Complaint and is incorporated herein by reference.

118.    Evapco's infringement of the corrected '532 patent has caused, and is continuing to cause, damage and irreparable injury to SPGDC and will continue to cause damage and irreparable injury unless and until Evapco's infringing activities are enjoined by this Court.

119.    SPGDC is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

120.    Evapco's infringement of the corrected '532 patent has been and continues to be willful and deliberate, justifying a trebling of damages under § 284.  On information and belief,

Evapco's infringing acts continue despite an objectively high likelihood that those acts constitute infringement of the corrected '532 patent.

121.    Evapco's infringement of the corrected '532 patent is exceptional and entitles SPGDC to attorneys' fees and costs under § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, SPGDC prays for the following relief:

A.    A judgment that the '126, '354, and '532 patents are valid and enforceable;

B.    A judgment that Evapco has infringed one or more claims of the '126 patent and that such infringement has been willful;

C.    A judgment that Evapco has infringed one or more claims of the '354 patent and that such infringement has been willful;

D.    A judgment that Evapco has infringed one or more claims of the '532 patent and that such infringement has been willful;

E.    A judgment that Evapco has infringed one or more claims of the corrected '126 patent and that such infringement has been willful;

F.    A judgment that Evapco has infringed one or more claims of the corrected '354 patent and that such infringement has been willful;

G.    A judgment that Evapco has infringed one or more claims of the corrected '532 patent and that such infringement has been willful;

H.    A judgment awarding SPGDC all damages, including treble damages, based on any infringement found to be willful and egregious, pursuant to 35 U.S.C. § 284, together with pre-judgment interest;

I.      A judgment awarding SPGDC damages, in the form of lost profits, or in the alternative, not less than a reasonable royalty, together with pre-judgment and post-judgment interest;

J.      A judgment that this case is exceptional and awarding SPGDC's attorney fees, expert expenses, and costs, in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

K.      Entry of a preliminary and permanent injunction pursuant to 35 U.S.C. § 283 and Rule 65 of the Federal Rules of Civil Procedure, enjoining Evapco and its officers, agents, attorneys, and employees, and those acting in privacy or concert with them, from any further acts of infringement until the expiration of each of the Asserted Patents and the Asserted Corrected Patents or until such later date as the Court may determine;

L.      An accounting of all infringing sales and revenues, together with post judgment interest and prejudgment interest from the first date of infringement of the '126 patent;

M.      An accounting of all infringing sales and revenues, together with post judgment interest and prejudgment interest from the first date of infringement of the '354 patent;

N.      An accounting of all infringing sales and revenues, together with post judgment interest and prejudgment interest from the first date of infringement of the '532 patent;

O.    An accounting of all infringing sales and revenues, together with post judgment interest and prejudgment interest from the first date of infringement of the corrected '126 patent;

P.    An accounting of all infringing sales and revenues, together with post judgment interest and prejudgment interest from the first date of infringement of the corrected '354 patent;

Q.    An accounting of all infringing sales and revenues, together with post judgment interest and prejudgment interest from the first date of infringement of the corrected '532 patent; and

R.    Awards of such further and other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

SPGDC requests a jury trial on any and all issues properly so triable.

Dated:  June 4, 2021
    Newark, New Jersey

s/ William P. Deni, Jr.
William P. Deni, Jr.
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel:  (973) 596-4500
Fax:  (973) 596-0545
wdeni@gibbonslaw.com
jlower@gibbonslaw.com

*Attorneys for Plaintiff*
*SPG Dry Cooling USA LLC*

OF COUNSEL:

J. Michael Jakes (*pro hac vice*)
Houtan K. Esfahani (*pro hac vice*)
Timothy J. May (*pro hac vice*)
Joseph M. Myles (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW,**
**GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC 20001-4413
Tel:  (202) 408-4000