

**WALSH**
PIZZI
O'REILLY
FALANGA

THREE GATEWAY CENTER
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
F: 973.757.1090
**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1101
lwalsh@walsh.law

November 1, 2021

**VIA ECF**
Honorable Lois H. Goodman, U.S.M.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Bldg. & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re:  *SPG Dry Cooling USA LLC v. Evapco Dry Cooling, Inc.*
     Civil Action No.: 3:20-cv-20131 (FLW) (LHG)

Dear Judge Goodman:

This firm, together with Fish & Richardson P.C., represents Defendant Evapco Dry Cooling, Inc. ("Evapco" or "Defendant") in the above-referenced matter. We write in response to Plaintiff SPG Dry Cooling USA LLC's ("Plaintiff") October 29, 2021 letter. (D.E. 45).

Plaintiff's assertion that Evapco's Motion to Stay is "extinguished" is far from accurate. As Your Honor may recall, on September 24, 2021, the PTAB instituted review on ***all*** the challenged claims of two out of three patents at issue in this litigation. (D.E. 44). Thus, though the PTAB recently declined to institute Evapco's IPR petition for the last remaining patent, there is still a strong basis to grant Defendant's pending Motion to Stay. (*See* D.E. 28). In fact, to avoid piecemeal litigation, and encourage efficiency, this Court routinely grants motions to stay where *inter partes* review has been instituted on some, but not all the patents at issue in the litigation. *See, e.g., Canfield Sci., Inc. v. Drugge*, No. CV 16-4636 (JMV), 2018 WL 2973404, at *4 (D.N.J. June 13, 2018) (granting motion to stay for sake of efficiency where 11 out of 44 asserted claims were subject to IPR proceedings because "the resolution of the IPR proceedings will significantly simplify the issues"); *see also Princeton Digital Image Corp. v. Konami Digital Ent. Inc*., No. CV 12-1461 (LPS-CJB), 2014 WL 3819458, at *2 (D. Del. Jan. 15, 2014) (granting a stay where all but 6 of 23 claims in an asserted patent were subject to IPR proceedings). Here, ***all*** 20 claims of the '126 and ***all*** 14 claims of the '354 patent are subject to IPR proceedings, leaving only the 11 claims of the '532 patent. As such, the co-pending IPR proceedings could easily lead to the invalidation of two of three asserted patents and over 75% of the claims that could be asserted by Plaintiff in this litigation. Accordingly, consistent with the logic of this Court's decision in *Canfield*, the IPR proceedings co-pending with this litigation hold great and apparent potential for issue reduction. There is no benefit to proceeding with this case until the IPRs are resolved; doing so at this juncture would serve only to waste judicial resources.[1]

---

[1] As detailed in Defendant's reply in support of its motion to stay (D.E. 38), Plaintiff's representation that it is experiencing "undue prejudice based on the parties' competitive posture" is unfounded, as evidenced at least by the activity of third-party competitors in the market.

Honorable Lois H. Goodman, U.S.M.J.
November 1, 2021
Page 2

      Accordingly, Defendant respectfully reiterates its request that the Court grant Defendant's motion and stay this case pending the PTAB's *inter partes* review.  We thank the Court for its attention to this matter and are available should Your Honor or Your Honor's staff have any questions.

      Respectfully submitted,

      *s/Liza M. Walsh*

      Liza M. Walsh

cc: Counsel of Record (via ECF and Email)

---

Accordingly, Defendant respectfully reiterates its request that the Court grant Defendant's motion and stay this case pending the PTAB's *inter partes* review.